UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In Re: James and Jennifer Hosking            Case No. 17-11306-BAH
               Debtors                                       Chapter 13

**OBJECTION TO CERTAIN CLAIMS**
**AND**
**MOTION FOR AUTHORIZATION TO PAY CERTAIN CLAIMS**

   NOW COMES Lawrence P. Sumski, Chapter 13 Bankruptcy Trustee and hereby files this Objection to Certain Claims[1] and Motion for Authorization to Disburse Payments Under Chapter 13 Plan, in furtherance of the previously entered Order Confirming the Chapter 13 Plan, stating as follows:

**I. Objection to Certain Filed Claims:**

   **A. Late General Claims:** The following Proof(s) of Claim, which were filed beyond the non-governmental claims bar deadline of 01-22-18, are late, and should therefore NOT receive a distribution through the Plan, absent a specific Order to the contrary from the Court, to be made upon the request of any interested party:
   N/A

   **B. Late Governmental Claims:** The following Proof(s) of Claim, which were filed beyond the governmental claims bar deadline of 03-12-18, are late, and should therefore NOT receive a distribution through the Plan, absent a specific Order to the contrary from the Court, to be made upon the request of any interested party:
   N/A

   **C. Duplicate Claims:** The following Proof(s) of Claim are apparently duplicate claims and should therefore NOT receive a distribution through the Plan:
   N/A

---

1. The number assigned to each claim listed in each of the following sections corresponds to that claim's listing in the Court's Registry of Claims in this case. Any claims denoted with an asterisk ("*") are not listed in the Registry of Claims.

**II. Statement of Applicable Plan Provisions, and Request for Authorization to Pay Certain Claims:**

    **A. Total Proposed Payments from Debtor(s)**
        **(plus any annual applicable income tax refund):**     $69,900.00

    **B. Chapter 13 Trustee's Fees and Expenses:**     $6,990.00

    **C. Secured Claims:** The following filed secured claims should receive a distribution from the funds submitted by the Debtor. To the extent that the allowed amount shown here reflects arrearages to cure defaults pursuant to 11 U.S.C. Sec. 1322(b)(3), any defaults shall be deemed cured upon payment of the allowed amount plus applicable interest; the underlying security interest remains unimpaired. To the extent that the allowed amount shown here reflects full payment of the secured claim pursuant to the plan, the security interest is discharged upon payment of the allowed amount and any applicable interest in full. Regarding any secured claim listed here for which the Debtor(s) have proposed that the creditor retain its lien, should subsequent events occur by which relief is granted and the collateral is liquidated, and should the creditor seek to then assert an unsecured deficiency claim to be paid this case, said creditor shall move to amend its allowed secured claim so that its unsecured deficiency claim may be determined to be an allowed unsecured claim for plan distribution purposes.

        **C.1. Secured Claims paid directly by the Debtor(s):**
            U.S. Bank Trust National Association/BSI Financial Service
            (residential first mortgage)

        **C.2. Secured and Secured Arrearage Claims Paid Through the Plan:**

| | | |
|---|---|---:|
| 1. | Town of Hudson ($56.00 payable at 12% interest over 60 months) | 75.00 |
| 2. | Town of Hudson ($1,415.00 payable at 6% iterest over 60 months) | 1,641.00 |
| 3. | U.S. Bank Trust National Association/BSI Financial Services | 55,422.00 |
| | TOTAL SECURED AND SECURED ARREARAGE CLAIMS: | $57,138.00 |

        **C.3. Modified Secured Claims Paid Through the Plan:**
            N/A
            TOTAL MODIFIED SECURED CLAIMS:     $0.00

        **C.4. Secured Claims Secured by Collateral Surrendered by the Debtor(s):**
            These claims should not be paid through the plan nor be paid directly by the Debtor(s):
            N/A

    **D. Priority Claims:** The following filed priority claims, listed below, should receive a distribution by the Trustee from the funds submitted by the Debtor(s):
    N/A

**D.1 Attorney's Fees:**
\*       Attorney Christopher Kelley

| | |
|---|---|
| Total Attorney Fee, Inclusive of Retainer | 5,390.00 |
| Pre-Petition retainer: | 4,190.00 |
| Remaining balance due, Payable Through the Plan: | 1,200.00 |

*Inclusive of the retainer, $4,500.00 of any attorney fee can be paid over the first 12 months of the plan pursuant to AO 2016-1. Any attorney fee requested in excess of $4,500.00 requires an approved fee application.*

Portion of Balance Due Paid Over:

| | |
|---|---|
| *The first 12 months of the plan up to the total of $4,500.00:* | 310.00 |
| *b) remaining balance to be paid over full term of the plan,* | 890.00 |
| TOTAL PRIORITY CLAIMS: | $1,200.00 |

**E. General Unsecured Claims:** The following claims, listed below, both timely-filed general unsecured claims, and amounts deemed unsecured pursuant to the modification of certain secured claims--referenced above in section II.C.--- should receive distributions from the Chapter 13 Trustee from the funds submitted by the Debtor(s):
N/A
TOTAL UNSECURED CLAIMS:                           $0.00

**F. Unscheduled General Unsecured Claims:** The following Proofs of Claims, listed below, were filed in the Registry of Claims as unsecured claims, These claims cannot be identified or located in the Schedules filed in this case. Each of these claims should receive a distribution from the Chapter 13 Trustee from the funds submitted by the Debtor(s), unless successfully objected to by the Debtor(s):
N/A
TOTAL UNSCHEDULED UNSECURED CLAIMS:                           $0.00

### III. Summary of the Confirmed Chapter 13 Plan:

The Chapter 13 Trustee represents that the previously Confirmed Plan remains feasible based on the following:

| | |
|---|---:|
| Total Proposed Payments from Debtor(s) | $69,900.00 |
|    (plus any applicable annual income tax refunds) | |
| Distributions Under Plan | |
|    Trustee's Fees (10% of total) | 6,990.00 |
|    Total Secured and Secured Arrearage Claims | 57,138.00 |
|    Total Modified Secured Claims | 0.00 |
|    Total Priority Claims | 0.00 |
|    Attorney's Fees payable through the Plan | 1,200.00 |
|    Estimated Total Remainder for | |
|    Unsecured Claimants | $4,572.00 |
| | |
| Total Identified General Unsecured Claims: | 0.00 |
| Total Unscheduled General Unsecured Claims: | 0.00 |
| SUBTOTAL: | $0.00 |

(N/A to be disbursed to Unsecured Claimants)

WHEREFORE, the Trustee prays:

   A. That the Objection to the Certain Claims in Paragraph I above be sustained;

   B. That the Motion for Authorization to Make Payments toward the certain cited claims in Paragraph II above be granted; and

   C. For such other relief as may be appropriate.

Date: April 16, 2018

                                                   /s/ Lawrence P. Sumski  
                                                   Lawrence P. Sumski  
                                                   Chapter 13 Trustee